UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Fernando Sanchez

v.                                      Case No. 22-cv-231-SE
                                        Opinion No. 2023 DNH 051
Warden, FCI Berlin


O R D E R

Fernando Sanchez, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in his loss of 41 days good conduct time ("GCT"). He contends that the disciplinary hearing officer's ("DHO") decision that he committed the charged prohibited act was not supported by any evidence. The warden moves for summary judgment, arguing that at least some evidence supports the DHO's decision and, as such, Sanchez's due process rights were not violated.[1] Doc. no. 9. Sanchez objects. Doc. no. 11. Because the record includes sufficient evidence to support the charge against Sanchez, the court grants the warden's motion for summary judgment.[2]

----

[1] Prior to filing his summary judgment motion, the warden moved for an extension of time to file his response to Sanchez's § 2241 petition. Doc. no. 8. Sanchez did not object. The court grants that motion and considers the warden's summary judgment motion herein.

[2] The record suggests that Sanchez anticipated release while this motion was pending, but neither party has provided any such notice. Consequently, the court will render a decision on the merits.

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

## Background

Sanchez's petition challenges a disciplinary action against him and sanction he received resulting from a September 5, 2021 incident report. During a routine search of Sanchez's cell on that date, officers found that the wooden pegs on which prisoners hang their clothes in the cell were loose and that one of the pegs had a sharpened end. The sharpened peg was 3.5 inches long and had a point on one end. The pegs were in a common area of the cell where both Sanchez and his cellmate had

access to them. As a result, Sanchez was charged with violating
Prohibited Act Code 104, which proscribes the "[p]ossession,
manufacture, or introduction of a gun, firearm, weapon,
sharpened instrument, knife, dangerous chemical, explosive,
ammunition, or any instrument used as a weapon." 28 C.F.R. §
541.3, table 1.

Sanchez denied the charge. The DHO held a hearing on
September 14, 2021, during which Sanchez explained that he had
been in the cell for "a month" and did not know the sharpened
peg was there.[3] After the hearing, the DHO found that Sanchez had
violated Code 104. In making the finding, the DHO considered,
among other things, the officers' statements, a photograph of
the sharpened peg, and Sanchez's statements.

Sanchez appealed the DHO's decision on the ground that the
evidence presented was insufficient to support a finding that he
had committed the charged violation. Sanchez argued that the
sharpened peg was never "used" as a weapon. His appeals were
unsuccessful.

Sanchez then filed the instant § 2241 petition, claiming
that the DHO's decision violated his due process rights.
Although Sanchez's petition does not address his appeal of the

_____

[3] Sanchez's petition (doc. no. 1 at 9) and the DHO's report
(doc. no. 9-1 at 11) state that Sanchez had been in the cell for
23 days on the date of the incident.

3

DHO's decision through the Bureau of Prisons' ("BOP") grievance process, he states in his declaration in support of his objection that he exhausted his administrative remedies. The warden does not dispute that assertion.

## Discussion

The court assumes without deciding that prisoners retain a liberty interest in GCT and that 28 U.S.C. § 2241 remains a proper vehicle by which to challenge disciplinary proceedings resulting in the loss of GCT. See, e.g., Francis v. Maloney, 798 F.3d 33, 36-37 (1st Cir. 2015) (discussing how Pepper v. United States, 562 U.S. 476, 501 n.14 (2011) may call into question whether an prisoner can bring a habeas claim for relief associated with lost GCT because Pepper states in dicta that GCT "does not affect the length of a court-imposed sentence; rather, it is an administrative reward" to incentivize compliance with prison disciplinary regulations); cf. Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (concluding prisoners have a liberty interest in GCT because there is a statutory right to "a shortened prison sentence through the accumulation of credits for good behavior").

The prisoner's due process right in that context includes a requirement that the decision revoking GCT is supported by at least "a modicum of evidence" or, as is more commonly stated,

"some evidence." See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454, 455-56 (1985). That standard is minimal and is satisfied by even a meager amount of evidence. See, e.g., DiGrazia v. Warden, FCI Berlin, No. 22-cv-441-JL, 2022 WL 17979911, at *3 (D.N.H. Dec. 5, 2022) (noting that the "some evidence" standard is met if there is "'any evidence in the record' in 'support [of] the conclusion reached'" (quoting Hill, 472 U.S. at 455-56)).

The warden seeks summary judgment on the ground that some evidence supported the DHO's finding that Sanchez possessed a weapon, the sharpened peg. In support, he includes with his motion the declaration of Cheryl Magnusson, a BOP legal assistant, as well as certain documents, which include a copy of Sanchez's Sentence Monitoring Computation Data, his Admission/Release History, the Incident Report, and the DHO report.

In his objection, Sanchez argues that the record evidence is insufficient to show that he violated Code 104. Specifically, he argues that there was no evidence that he used the sharpened wooden peg as a weapon and, viewed generously, that he was unaware that the sharpened peg was in his cell.[4] Sanchez filed a

_____

[4] Sanchez also appears to challenge the validity of the evidence the warden submitted in support of his summary judgment motion. See doc. no. 11 at 1-6. To the extent that he intended to lodge such a challenge, it is without merit. Further, Sanchez

copy of his Central Office Administrative Appeal and his own
declaration in support of his objection.

## I. The Prohibited Act

As mentioned, the DHO found that Sanchez committed a
violation of Code 104, which proscribes the "[p]ossession,
manufacture, or introduction of a gun, firearm, weapon,
sharpened instrument, knife, dangerous chemical, explosive,
ammunition, or any instrument used as a weapon." 28 C.F.R. §
541.3, table 1. Sanchez argues that there is no evidence that he
or anyone else used the sharpened peg as a weapon and,
therefore, he cannot have violated Code 104.

Sanchez's argument is based on a misreading of the relevant
language. Code 104 prohibits the possession of the listed items,
including a sharpened instrument, as well as any instrument used
as a weapon. A violation of Code 104 does not require the use of
a listed instrument as a weapon, but merely the possession of an
item, including a sharpened instrument, that could be used as a
weapon. Therefore, Sanchez cannot prevail on his first argument.

---

criticizes certain statements the warden made in his motion
about the grounds for Sanchez's administrative appeal. Id. at 6-
7. Because the warden does not challenge Sanchez's exhaustion of
his administrative remedies, the grounds for the administrative
appeal are irrelevant to the court's analysis.

II. <u>Possession</u>

BOP policy requires each prisoner to keep contraband out of his or her cell, even when the cell is shared with another prisoner. <u>Denny v. Schultz</u>, 708 F.3d 140, 145 (3d Cir. 2013); <u>Flannagan v. Tamez</u>, 368 F. App'x 586, 588 (5th Cir. 2010). For that reason, a prisoner is deemed to have constructive possession of contraband found in a common area of the cell. <u>Denny</u>, 708 F.3d at 145; <u>accord</u> <u>Jenkins v. Hazlewood</u>, No. 20-cv-803-PB, 2021 WL 4462192, at *5 (D.N.H. Sept. 29, 2021); <u>Rivera v. Warden, FCI Berlin</u>, 20-cv-918-JL, 2021 WL 1894499, at *3 (D.N.H. Apr. 22, 2021); <u>see also</u> <u>Bivins v. Williams</u>, No. 22-1791, 2023 WL 180051, at *2 (7th Cir. Jan. 13, 2023). Thus, contraband found in a shared cell is some evidence that a prisoner who lives in the cell has constructive possession of the contraband and is sufficient to support the sanction of loss of GCT. <u>Jenkins</u>, 2021 WL 4462192, at *5 (citing <u>Denny</u>, 708 F.3d at 145 and collecting cases).

As is noted above, Code 104 bans the possession of, among other things, a weapon or a sharpened instrument. There is no dispute that the sharpened wooden peg was found in a common area of Sanchez's cell and that he had access to the peg. Although Sanchez argues that he did not know the sharpened peg was there, he is deemed to have had constructive possession of the sharpened peg. The length of time Sanchez spent in the cell, the

fact that the cell was shared with another prisoner, and Sanchez's denial of knowledge of the peg do not undermine the evidentiary consequence of the undisputed fact that the sharpened peg was in a common area of the cell.

The record provides some evidence that Sanchez possessed a weapon or sharpened instrument, the sharpened wooden peg, in violation of Code 104. Therefore, sufficient evidence supports the DHO's finding that Sanchez violated Code 104, as charged. The warden is entitled to summary judgment on Sanchez's § 2241 petition.

## Conclusion

For the foregoing reasons, the warden's motion for an extension of time (doc. no. 8) and for summary judgment (document no. 9) are granted. All other pending motions are denied as moot.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

May 3, 2023

cc:  Fernando Sanchez, pro se.
     Seth R. Aframe, AUSA.